**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Russell J. Fenstermaker,<br><br>Petitioner,<br><br>v.<br><br>Kathy Halvorson, Warden, MCF-Faribault,<br><br>Respondent. | Case No. 16-cv-363 (SRN/BRT)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Roy G. Spurbeck, Minnesota State Public Defender, 540 Fairview Avenue North, Suite 300, St. Paul, Minnesota 55104, for Petitioner.

James B. Early, Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, and James P. Spencer, Olmstead County Attorney, 151 Fourth Street Southeast, Rochester, Minnesota 55904, for Respondent.

SUSAN RICHARD NELSON, United States District Judge

**I.  INTRODUCTION**

This matter is before the undersigned United States District Judge for consideration of Petitioner Russell Fenstermaker's Objections [Doc. No. 13] to United States Magistrate Judge Becky R. Thorson's Report and Recommendation ("R&R"), dated March 17, 2017 [Doc. No. 11].  The magistrate judge recommended that Fenstermaker's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Habeas Pet.") be denied, and the action be dismissed.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate

judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Based on that *de novo* review, and for the reasons set forth herein, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

## II. BACKGROUND

The facts relevant to this matter have been thoroughly set forth in the magistrate judge's R&R, and are not challenged by either party. (*See* R&R at 2-6.) Accordingly, the Court will incorporate the background section of the R&R by reference here, and briefly set forth only those facts necessary to provide context for its discussion of Fenstermaker's objections.[1]

In early 2012, the State of Minnesota brought criminal charges against Fenstermaker for first-degree and third-degree criminal sexual assault stemming from an alleged sexual relationship Fenstermaker entered into with his step-daughter. (*See* R&R at 2-3.) Trial commenced on November 14, 2012, and after a full day of voir dire, a jury of twelve and two alternates were selected and sworn. (*See* R&R at 3.) Opening arguments were scheduled to begin on November 16, 2012, but those plans were derailed when the assigned prosecutor was suddenly incapacitated with a back injury. (*See id.*) The judge accordingly ordered trial continued until the following Monday—November 19.

---

[1] The Court will further provide citation only to the R&R, rather than the underlying record.

However, when court resumed, the assigned prosecutor's condition had still not improved sufficiently to allow her to conduct trial. (*See id.*) As the State informed the court, the prosecutor's pain level was such that she would not be able to concentrate on the proceedings, and the pain medication she was on had a tendency to impair her mental faculties. (*See id.* at 3-4.) According to the State, no substitute prosecutor had time to adequately prepare to take over the trial, and, equally importantly, doing so would mean that the State would lose the benefit of the rapport that the prosecutor had developed with witnesses and the jurors. (*See id.* at 4.) Although the State suggested that there was "manifest necessity" warranting a mistrial, it suggested alternatively continuing the trial until the following week. (*See id.*) Defense counsel did not object to a continuance, but did object to a declaration of a mistrial. (*See id.*)

The district court ultimately decided to declare a mistrial, stating as follows:

> First of all, this jury's time of service ends this week, which is Wednesday of this week because of the Thanksgiving holiday. We did look at my calendar for next week, and I have matters that need to be attended to next week that are not jury trial related, so it creates some scheduling difficulties. I'm reasonably certain those could be overcome, but it strikes me that a mistrial should be granted, and I guess I would take [the state's] comments as a motion to declare a mistrial. The court was prepared in the absence of such a motion to declare a mistrial sua sponte for a couple of reasons: Number one, those enumerated by the state I think are valid. [The assigned prosecutor] is an experienced trial lawyer. She handles these types of cases. She has established rapport with the alleged victim and the alleged victim's family and also established rapport with the 14 jurors who have been sworn, and I think given the nature of this particular case, and the seriousness of it, that to require the state to have somebody simply jump in at this stage and try the case would not be fair to the State of Minnesota. I would take the same position if something had happened to [defense counsel]. I don't think that either one of those circumstances would be fair, given the nature of these alleged offenses and also the significant punishment that's attendant to any conviction.

3

> I think the high degree standard relative to the manifest necessity is satisfied in this case because [the assigned prosecutor's] back issue arose unexpectedly and suddenly, and she is simply unable to continue, and as I indicated, I think under the circumstances it is virtually impossible for another prosecutor to conduct the trial in this matter, and as I already indicated, I think the impact of a change in the prosecutors would be an unjust burden on the State of Minnesota . . . .

(*See id.* at 4-5.) Retrial was scheduled to begin on January 22, 2013. (*See id.* at 5.)

On January 11, 2013, Fenstermaker moved to dismiss the charges against him on double jeopardy grounds, arguing that jeopardy had attached during the first trial because the jury had been sworn. (*See id.*) Fenstermaker argued that the court should reconsider its previous finding of manifest necessity on the basis that two reasonable alternatives to a mistrial had been present: (1) the State could have brought in a replacement prosecutor; and (2) the court could have continued the trial one week. (*See id.*) The assigned prosecutor, having recovered from her back injury, responded that requiring substitute counsel at late notice would have been unfairly prejudicial to the State, and that a continuance would not have been viable because the jury's term of service was ending and there was no way of knowing whether she would have been recovered within one week. (*See id.*)

The district court denied the motion to dismiss, holding that it would have been unfair to the State to require it to proceed with substitute counsel, and that, absent the benefit of hindsight, there was no way of knowing that the assigned prosecutor would be available if the trial had been continued. (*See id.* at 5-6.) After a short trial, Fenstermaker was acquitted of the first-degree criminal sexual conduct charge, but

4

convicted of two counts of third-degree criminal sexual conduct. (*See id.* at 6.) On appeal of the district court's grant of a mistrial, the Minnesota Court of Appeals concluded that although Fenstermaker's situation presented a "close case," the district court had not abused its discretion. (*See id.* (quoting *State v. Fenstermaker*, No. A13-1082, 2014 WL 4290318, at *6 (Minn. Ct. App. Sept. 2, 2014)).) The Minnesota Supreme Court denied a petition for review on November 18, 2014, exhausting Fenstermaker's direct appeals. (*See id.*)

Fenstermaker filed the present petition for a writ of habeas corpus on February 16, 2016. (*See generally* Habeas Pet.) Pursuant to statute and the local rules of this Court, Fenstermaker's petition was first referred to the magistrate judge for review. *See* 28 U.S.C. § 636; D. Minn. LR 72.1. The R&R submitted to this Court recommended that the petition be denied. (*See* R&R at 14.) In support of that recommendation, Judge Thorson particularly noted that trial judges are afforded "broad discretion" under Supreme Court precedent to determine whether and when there is a manifest necessity for a mistrial, and that in this instance, the state trial judge did not abuse that discretion. (*See id.* at 12.) However, because the magistrate judge found that "reasonable jurists could debate whether the manifest necessity standard was correctly applied in the instant case," she recommended that the Court issue a Certificate of Appealability ("COA") allowing Fenstermaker to appeal any adverse ruling to the Eighth Circuit if he so chooses. (*See id.* at 13.)

Fenstermaker timely filed objections to the R&R, triggering this *de novo* review.

**III. DISCUSSION**

### A. Standard of Review

As the magistrate judge properly recognized, a petition for habeas corpus must surmount a particularly high bar before it will be granted. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief is reserved for those state court decisions that are "contrary to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or which are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "Clearly established Federal law" includes "only the holdings, as opposed to the dicta, of [Supreme Court] decisions." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). An "unreasonable application" of these holdings "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.* (quotation omitted). Thus, the petitioner must demonstrate that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). On collateral review of state court decisions, "federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. Federal habeas review thus exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Woods*, 135 S. Ct. at 1376 (internal quotation omitted).

### B. Petitioner's Objections

Fenstermaker makes two primary objections to the R&R. First, he contends that the magistrate judge erred in concluding that the state court's mistrial decision was not an "unreasonable application of Federal law" when "addressing substitution of counsel as an alternative to granting a mistrial." (Obj. at 2.) Second, and similarly, he argues that it was error to find that the mistrial decision was not unreasonable when "addressing a continuance as an alternative to granting a mistrial." (*Id.* at 4.) The Court will address both objections together.

The Constitution bars placing a defendant in jeopardy twice for the same offense. *See Gouleed v. Wengler*, 489 F.3d 976, 981 (8th Cir. 2009) (citation omitted). In a jury trial, "jeopardy attaches when a jury is empaneled and sworn." *Martinez v. Illinois*, 134 S. Ct. 2070, 2074 (2014). However, under certain circumstances, a defendant may be retried if the first trial ends without final resolution on the merits. *See Arizona v. Washington*, 434 U.S. 497, 405 (1978). Specifically, the Constitution permits a second trial where there was a "'manifest necessity for the [mistrial], or the ends of public justice would otherwise be defeated.'" *Gouleed*, 589 F.3d at 981 (quoting *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 580 (1824)).

In the R&R, Judge Thorson properly noted that this "manifest necessity" standard governing retrial does not require a finding of "absolute necessity"—only a "high degree." *Id.* (quoting *Washington*, 434 U.S. at 506). In addition, she recognized that the trial court is afforded "broad discretion" in deciding whether such necessity exists in any particular case. *Illinois v. Somerville*, 410 U.S. 458, 462 (1973). One consideration that must be made, however, is whether "less drastic alternatives were available" before

declaring a mistrial. *Long v. Humphrey*, 184 F.3d 758, 761 (8th Cir. 1999). The existence of a reasonable alternative necessarily suggests that there was no manifest necessity for a mistrial. *See United States v. Shafer*, 987 F.2d 1054, 1057 (4th Cir. 1993).

Here, the trial judge considered the very alternatives to a mistrial urged here by Fenstermaker—that substitute counsel for the State could have been obtained, and that trial could have been continued for one week. The judge found, however, that requiring a substitute prosecutor would be unreasonable for those reasons recited in Part II of this Opinion. Likewise, while the trial court considered continuing the trial for one week, it declined to do so for the primary reason that there was no guarantee that the assigned prosecutor's back condition would have improved in such a short period of time.

As the Minnesota Court of Appeals did, Judge Thorson concluded that neither ruling was an unreasonable application of clearly established federal law. (*See* R&R at 10-12.) In particular, she noted that while the Supreme Court has indicated that the "high degree of necessity" standard is not satisfied in cases where "a prosecutor requests a mistrial in order to buttress weaknesses in his evidence," *Washington*, 434 U.S. at 507, those are not the facts of this case. There was no suggestion of impropriety or deception on the part of the prosecutor, and every indication suggested that her back injury was both real and debilitating. Likewise, the trial judge's concerns regarding the harm to the State involved in requiring an inexperienced prosecutor to step in—with no rapport or familiarity with witnesses or the jury—was reasonable. In light of these considerations, this Court agrees with Judge Thorson that given the high degree of discretion afforded to trial judges in determining the propriety of a mistrial, it was not manifestly unreasonable

to order one here.

In similar fashion, the magistrate judge was correct to find that it was not manifestly unreasonable to conclude that a continuance was an inviable option, given the short time remaining in the jury's term of service, and the complete uncertainty regarding when, if ever, the prosecutor would be available to return to the courtroom. Such decisions cannot be judged with the benefit of hindsight, but as they appear at the time they are made. Under the deferential standard required by Supreme Court precedent, it was not beyond the pale of reasonableness for the trial judge to decline to grant a continuance here. *See Somerville*, 410 U.S. at 462. Accordingly, the Court agrees with Judge Thorson that no error of constitutional proportion occurred. Because the trial judge's decision to grant a mistrial did not represent an "extreme malfunction[] in the state criminal justice system[]" warranting federal intervention, *Harrington*, 562 U.S. at 102 (quotation omitted), Fenstermaker's petition must be denied.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a "showing" requires demonstration "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, both the magistrate judge and the Minnesota Court of Appeals have emphasized that Fenstermaker's double jeopardy claim presents a "close case." *See*

*Fenstermaker*, 2014 WL 4290318, at *6. Likewise, neither was able to uncover cases addressing the "precise circumstances presented here." (*See* R&R at 13.) *See id.* at *5. Accordingly, because Judge Thorson concluded that reasonable jurists could debate the outcome of this petition, she recommended that a COA should be granted.

This Court agrees. While it ultimately concludes—as did the magistrate judge and the Minnesota Court of Appeals before it—that the trial judge did not err in granting a mistrial, the issue is sufficiently debatable that Fenstermaker should have the option, if he so chooses, of pursuing it further before the Eighth Circuit. Accordingly, a COA will be issued.

## V. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's March 17, 2017 Report and Recommendation [Doc. No. 13] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 11];

3. This action is **DISMISSED** with prejudice; and

4. Petitioner is **GRANTED** a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 22, 2017                              s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge